JOHN J. NEWCOMB *vs.* ARTHUR N. WILLCUTT & another.

Suffolk. Nov. 13, 1877. — March 1, 1878. COLT & AMES, JJ., absent.

In an action on a recognizance entered into under the Gen. Sts. c. 124, § 10, the fact that the person, on whom was served a notice of the desire of a person arrested to take the oath for the relief of poor debtors, is a confidential clerk of the creditor and has a general power of attorney from him to transact business, is not conclusive evidence that he is the agent of the creditor within the meaning of the Gen. Sts. c. 124, § 13; and, there being other evidence in the case, it is a question for the jury whether the fact of such agency is established.

CONTRACT on a recognizance entered into on October 21, 1874, under the Gen. Sts. c. 124, § 10, by the defendant Willcutt as principal, and the other defendant as surety, and conditioned

that Willcutt, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the day of his arrest deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon. Writ dated November 24, 1874.

At the trial in the Superior Court, before *Pitman*, J., it appeared that Willcutt delivered himself up before a master in chancery, and was discharged, the plaintiff not appearing. The return of the officer, on the notice to the plaintiff, was as follows:

" Suffolk, ss. Boston, Nov. 20, 1874. I this day served the within notice upon James F. Southworth, the clerk and as agent of the within named John J. Newcomb; having made search for the said Newcomb and for his attorney, and being unable to find either of them within my precinct; by giving to said Southworth in hand an attested copy of the said notice at 55 minutes past 4 o'clock, P. M., at No. 60 Commercial Street.

" John B. O'Brien, Dep. Sheriff."

The plaintiff contended that the discharge was invalid on account of the insufficiency of the service. On the question whether Southworth was the agent of the plaintiff, the evidence was as follows:

It appeared that the plaintiff resided and carried on business in Boston, and was at his store daily; that Southworth, for fourteen years, had been the confidential clerk and bookkeeper of the plaintiff, selling his goods, drawing and indorsing his checks, on one occasion indorsing a note for the plaintiff, accepting and paying his drafts, and collecting and disbursing his moneys; that he was familiar with the plaintiff's original claim against Willcutt, the same having been for goods sold and delivered by the plaintiff to Willcutt; and that he held a power of attorney, dated July 7, 1870, from the plaintiff, which the defendants put in evidence, and the material parts of which were as follows: ' to be my true, sufficient and lawful attorney for me and in **my**

name and stead to sign checks on the National Bank of the Republic and Merchants' National Bank of Boston, accept any draft, sell any merchandise consigned to me or held in my name, and collect any money due for the same or that may be due me for any other cause; " with the usual clauses giving the attorney full authority in the premises.

There was also other evidence in the case; and the defendants contended that, as matter of law, the power of attorney was conclusive on the question of agency · that the service was therefore sufficient, and the defendants not liable; but the judge ruled that whether Southworth was an agent within the meaning of the Gen. Sts. *c.* 124, § 13, was a question for the jury, taking the power of attorney and all the evidence into consideration; and gave general instructions not excepted to. The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*W. S. Macfarlane*, for the defendants.

*D. F. Crane*, for the plaintiff.

SOULE, J.   The agent, on whom service of notice of an application for the poor debtor's oath may be made, under the Gen. Sts. *c.* 124, § 13, when the creditor is a natural person, is either a general agent who is invested with the general control and management of the creditor's business in his absence, inability or indisposition to attend to his own affairs, or one who, under authority from the creditor, has assumed the direction and supervision of the suit in which the execution issued. When the creditor is a corporation, the term agent has a somewhat different signification. It appears from the bill of exceptions that the action, in which the plaintiff's execution issued, was managed by an attorney on whom the notice of the debtor's application was not served, and that the plaintiff was giving daily attention to his business; and it does not appear that the clerk, Southworth, had anything to do with instituting, directing or superintending the action, and the power of attorney to him was limited to other matters. Under this state of facts, it was correctly ruled that the possession by Southworth of the letter of attorney from the plaintiff was not conclusive evidence that he was the plaintiff's agent within the meaning of the statute. The letter of attorney not being conclusive for the defendants, and there being other evidence in the case, the only proper

course to take at the trial was to submit the question, whether the agency of Southworth was made out, to the decision of the jury; this was done, under instructions to which no exception was taken. *Exceptions overruled.*